UNITED STATES of America,
Plaintiff–Appellee,

v.

Bennie F. CALLOWAY, Defendant–Appellant.

No. 02–5667.

United States Court of Appeals,
Sixth Circuit.

Feb. 19, 2004.

Perry H. Piper, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

A. Christian Lanier, III, Chattanooga, TN, for Defendant–Appellant.

Bennie Frank Calloway, pro se, Manchester, KY, Defendant–Appellant.

Before SUHRHEINRICH, CLAY and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.

Benny Frank Calloway pleaded guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 and received a prison sentence of 262 months. On appeal, Calloway contends that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because (1) the indictment did not specify a quantity of drugs and yet his sentence

(262 months) exceeded the statutory maximum for conspiracies involving less than fifty grams of crack cocaine (240 months) and (2) the indictment did not specify any prior convictions and yet the district court enhanced his sentence under the "career offender guideline." In our view, Calloway's sentence does not violate *Apprendi* in either respect and, accordingly, we affirm the district court's judgment.

## I.

In July 1999, a federal grand jury indicted Calloway on several drug-related charges, including conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. The indictment did not specify the quantity of drugs involved or the maximum penalty allowed by statute. In December 1999. Calloway pleaded guilty to the conspiracy charge and, in exchange, the Government dismissed the other charges.

Calloway's plea agreement stated the following about his involvement in the conspiracy:

Several purchases of crack were made by [undercover] Agent Finley in the Ooltewah area. [Calloway's] involvement included the delivery of crack to Agent Finley and/or the CI on several occasions, and in return [Calloway] would receive cash. [Calloway] would eventually take the cash to Tommie Garth. [Calloway] was present during the sale of crack on the following occasions: May 20, 1999; May 28, 1999; June 4, 1999; and June 30, 1999. These transactions were tape recorded either by audio or video tape. The transaction on June 30, 1999, consisted of 54.8 grams of cocaine base.

JA 41. The plea agreement also stated that the statutory range for his crime was "10 years to life," which is the range for conspiracies involving fifty grams or more

of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A). Calloway signed the agreement.

Calloway's presentence report also specified a quantity of crack cocaine in excess of fifty grams. It stated that "[o]n June 30, 1999, Celena Hensley and Bennie Calloway were arrested after they delivered to undercover agents . . . 54.8 grams of crack cocaine." JA 149. While Calloway objected to some of the statements contained in the report, he did not object to the quantity of drugs for which he would be held accountable.

During Calloway's plea colloquy, the district court made clear to Calloway that the statutory range for the crime to which he was pleading guilty would be ten years to life in prison.

The court sentenced Calloway to 262 months in prison and five years of supervised release. Calloway appealed. While Calloway's first appeal was pending, the Supreme Court decided *Apprendi*, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Because the Supreme Court decided *Apprendi* during Calloway's direct appeal, we remanded the case to the district court and instructed the court to determine what effect, if any, *Apprendi* had on Calloway's sentence.

On April 19, 2002, the district court held a hearing on the issue and determined that *Apprendi* did not affect Calloway's sentence. Because the plea agreement and plea colloquy put Calloway on notice of the maximum sentence he could face and the quantity of drugs for which he would be held responsible, the court concluded that *Apprendi* did not apply and that the original sentence should stand.

We now review the district court's judgment for plain error, as Calloway neither raised his *Apprendi* challenges at his initial sentencing hearing nor objected at that time to the statutory sentencing range and the quantity of drugs relied upon by the district court. *See United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (reviewing an *Apprendi* challenge raised for the first time on appeal for plain error). Under the plain-error test:

> before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Id.* (quotations and citations omitted).

## II.

### A.

■ The Fifth and Sixth Amendments to the United States Constitution "entitle a criminal defendant to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' " *Apprendi*, 530 U.S. at 477 (quoting *United States v. Gaudin*, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)). Consistent with this requirement, the Supreme Court in *Apprendi* held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum is an *element* of the offense, subject to this constitutional right. *Id.* at 490.

Like other constitutional rights, however, a defendant may waive his right to have a jury determine guilt beyond a reasonable doubt as to every element of the

offense. *See United States v. Leachman,* 309 F.3d 377, 384 (6th Cir.2002), *cert. denied,* 538 U.S. 969, 123 S.Ct. 1769, 155 L.Ed.2d 527 (2003). For example, by pleading guilty to conspiracy, Calloway waived his right to have a jury determine beyond a reasonable doubt that (1) he agreed with at least one other person to violate the drug laws and (2) each conspirator knew of, intended to join and participated in the conspiracy. *See United States v. Ward,* 190 F.3d 483, 488 (6th Cir.1999) (identifying the elements of a drug-conspiracy offense). The key question in Calloway's case is whether he pleaded guilty to a crime that has one additional element—a quantity of cocaine base of fifty grams or more. *See Leachman,* 309 F.3d at 384 ("[T]here is no basis in *Apprendi* ... for treating enhancement elements differently than the more traditional elements of the offense, such that their treatment is anything more than the mirror image of the treatment of the other elements."). We believe that he did in fact plead guilty to this additional element of the crime.

In his plea agreement Calloway stipulated that the crime to which he would plead guilty carried a statutory sentencing range of "10 years to life"—the statutory range for conspiracies involving fifty grams or more of cocaine base. Calloway then stipulated to a factual predicate for this plea, namely that he "deliver[ed] [ ] crack" to undercover agents "on several occasions." that "in return [he] would receive cash," that he "was present during the sale of crack on ... June 30, 1999," and that the June 30th transaction "consisted of 54.8 grams of cocaine base." JA 41. On top of this, the district court made clear to Calloway during the plea colloquy that the statutory maximum for the crime to which he was pleading guilty was life in prison. Because Calloway's sentence (just under twenty-two years) fell well below the statutory maximum for the crime to which he pleaded guilty (life in prison), no *Apprendi* violation occurred. *See United States v. Harper,* 246 F.3d 520, 530 (6th Cir.2001) (holding that, although the indictment did not specify a quantity of drugs, there was no *Apprendi* violation where the defendant "stipulated that he was responsible for slightly more than 500 kilograms of marijuana and pleaded guilty, pursuant to that amount, to a count which carried a mandatory minimum sentence of ten years with a possible sentence of life imprisonment"), *overruled on other grounds by Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002).

Calloway argues that he did not stipulate to conspiring to distribute more than fifty grams of cocaine base, only to being "present" during the sale of 54.8 grams of cocaine base. We disagree. Calloway delivered cash to undercover agents on several occasions, the agreement makes clear, one of which was the June 30th deal involving 54.8 grams of cocaine base. Indeed, Calloway's presentence report made clear that on "June 30, 1999, Celena Hensley and Bennie Calloway were arrested after *they delivered* to undercover agents ... *54.8 grams of crack cocaine.*" JA 149 (emphasis added). Calloway offered no objection to this statement, which, when viewed together with his admissions in the plea agreement, firmly undermines this *Apprendi* claim. *See United States v. Roper,* 266 F.3d 526, 531 (6th Cir.2001) ("Roper [ ] waived his *Apprendi* argument during his sentencing hearing when he expressly agreed to the drug quantity provided in the [presentence report] in exchange for the government's agreement not to seek a two-level enhancement for possession of a firearm."); *United States v. Stafford,* 258 F.3d 465, 476 (6th Cir. 2001) ("Defendant's failure to raise any

sort of challenge in the proceedings below operates as an admission as to the drug types and quantities set forth in the [pre-sentence report], and thereby provides the requisite factual basis to sustain Defendant's enhanced sentence for a drug offense involving crack cocaine.").

### B.

█ Also unavailing is Calloway's other *Apprendi* argument–that the indictment failed to specify the predicate convictions supporting a "career offender" sentencing enhancement. *Apprendi* itself makes clear that the Constitution does not entitle a criminal defendant to have a jury determine beyond a reasonable doubt *the fact of a prior conviction.* "Other than the fact of a prior conviction," it says, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In this instance, moreover, the fact of Calloway's prior convictions did not result in a sentence above the statutory maximum for the crime of conspiring to distribute fifty grams or more of cocaine base, which is life in prison. Calloway's 262–month sentence falls well within all constitutional and statutory limits.

### III.

For the foregoing reasons, we affirm the district court's judgment.